YELVERTON, Judge.
Cargill, Incorporated, sued Norman Sut-tles, a farmer, for damages for failure to deliver a crop of soybeans. The petition alleged that a contract dated February 2, 1988, obligated Suttles to deliver 10,000 bushels of soybeans for $6.60 per bushel in the last half of October/first half of November, to Cargill’s elevator in Port Allen, Louisiana. The petition alleged that a subsequent agreement extended the delivery until December 31, 1988. Cargill alleged that Suttles failed to deliver the soybeans and that, by his failure, Cargill had to pay more per bushel from a different supplier, and lost $10,825.
The suit was filed August 20, 1990.
Suttles filed an exception of prescription of one year under La.R.S. 9:5601. Because the suit was filed more than a year from the date when the crop was to have been delivered, the trial court sustained the exception and dismissed the suit. Cargill appealed. We affirm.
La.R.S. 9:5601 reads as follows:
The following actions are prescribed by one year:
(1) That for damages for the injury to or destruction of or the profits lost on a crop, in whole or in part, reckoning from the day the act occurred, or from the day the cause ceased if the cause was a continuing one.
(2) That for damages for the value of the whole or a portion of a crop contracted to be sold, resulting from the nondelivery or non-acceptance of the crops, reckoning from the day by which the crops were to have been delivered or accepted, or from the last day of the period, if the crops were to have been delivered or accepted over a period. Cargill urges on appeal that the above
statute is not applicable because the petition states that this is an action in contract, which is subject to the prescription of 10 *70 years. Cargill relies on La.C.C. art. 3499 which reads:
Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
As Article 3499 itself states, and as emphasized in the Article’s revision comments, a personal action is subject to a liberative prescription of 10 years in the absence of a legislative provision that either establishes a shorter or longer period or declares the action to be imprescriptible. A shorter prescriptive period is provided for under La.R.S. 9:5601(2) for damages for the value of the whole or a portion of a crop contracted to be sold, resulting from the non-delivery or non-acceptance of the crops. Since that is the kind of damage the present suit claims, it is subject to the one-year prescription of La.R.S. 9:5601. The exception was properly sustained.
The claim for damages for frivolous appeal raised in the answer to appeal is denied.
Appellant will pay the costs of this appeal.
AFFIRMED.